**JS-6**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALEH ALI, | Case No. SA CV 21-00225 VBF (MRW) |
| Petitioner, | |
| v. | **ORDER DISMISSING HABEAS ACTION WITHOUT PREJUDICE** |
| ROBERT BURTON, Warden, | |
| Respondent. | |

The Court dismisses this habeas action without prejudice for failure to exhaust claims in state court proceedings. 28 U.S.C. § 2254(b)(1)(A).

\* \* \*

1. This is a habeas corpus action involving a state prisoner. Petitioner Ali was convicted of several charges related to the possession of explosive devices. He is currently serving a prison term of over 19 years. (Docket # 1 at 2.)

2. On direct appeal, Petitioner challenged the sufficiency of the evidence underlying two of his many count of conviction (counts one and

two in the trial court action). The state appellate court affirmed those convictions. The state supreme court denied review. (Docket # 22-14.) Petitioner pursued no other appellate or habeas review in the state court system. (Docket # 21-1 at 2.)

3. This federal action followed under 28 U.S.C. § 2254. Petitioner's pro se petition sought federal review of numerous claims (sufficiency of evidence regarding trial court counts one through four, and a double jeopardy claim). (Docket # 1 at 14.) The first claim in the petition appears to assert the same sufficiency-of-evidence argument from Petitioner's direct appeal in state court. None of the other claims in the federal action appear to have been presented to the state appellate or supreme court.

4. Magistrate Judge Wilner screened the petition as required under the Habeas Rules. (Docket # 4.) The screening order noted that some of Petitioner's claims appeared to be unexhausted.

5. Petitioner submitted several supplemental statements regarding this action. (Docket # 5, 7, 11-15.) Judge Wilner ordered the California Attorney General to respond to the petition and Petitioner's additional statements. (Docket # 6, 16.) The Attorney General moved to dismiss the action as unexhausted. (Docket # 21.)

6. Judge Wilner informed Petitioner that he could oppose the Attorney General's dismissal motion, or take a number of actions (request a stay, amend petition to dismiss claims, etc.) to rectify the problems with the mixed petition. (Docket # 23.) Petitioner elected to oppose the motion, although his chaotic filings appeared to argue the merits of his claims rather than their procedural problems. (Docket # 24, 25 at 1.)

\* \* \*

1   7.   If it "appears from the application that the applicant or person
2   detained is not entitled" to habeas relief, a court may summarily dismiss a
3   habeas action. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing
4   Section 2254 Cases in United States District Courts (petition may be
5   summarily dismissed if petitioner plainly not entitled to relief); Local Civil
6   Rule 72-3.2 (magistrate judge may submit proposed order for summary
7   dismissal to district judge "if it plainly appears from the face of the petition
8   [ ] that the petitioner is not entitled to relief").

9   8.   Under AEDPA, a petitioner must exhaust all claims as a
10  prerequisite to a federal court's consideration of a habeas corpus petition.
11  28 U.S.C. § 2254(b)(1)(A); Kyzar v. Ryan, 780 F.3d 940, 946 (9th Cir. 2015).
12  Petitioner must fairly present those claims to the state's highest court.
13  Rose v. Lundy, 455 U.S. 509, 515 (1982). A claim has not been fairly
14  presented unless the prisoner describes in the state court proceedings both
15  the operative facts and federal legal theory on which his claim is based.
16  Duncan v. Henry, 513 U.S. 364, 370 (1995).

17  9.   Federal courts "must dismiss" a habeas petition that contains
18  both exhausted and unexhausted claims. Lundy, 455 U.S. at 510.
19  "[B]efore the district court dismisses a mixed petition, a petitioner must be
20  offered leave to amend the petition to delete any unexhausted claims and
21  to proceed on the exhausted claims." Butler v. Long, 752 F.3d 1177, 1180
22  (9th Cir. 2014) (quotation omitted).

23                              * * *

24  10.  The Attorney General convincingly demonstrates that
25  Petitioner's habeas petition contains unexhausted claims. The petition
26  facially challenges Petitioner's convictions on counts other than those
27  raised on direct appeal. He also asserts a double jeopardy claim unrelated
28

to the sufficiency-of-evidence issue raised on appeal. (Docket # 1, 22-14.) Petitioner's chaotic responsive submissions do not advance any basis for finding that these additional claims are properly exhausted. 28 U.S.C. § 2254(b)(1)(A); Kyzar, 780 F.3d at 946; Duncan, 513 U.S. at 370.

11. Moreover, Judge Wilner's order fairly provided Petitioner with the opportunity to dismiss his unexhausted claims. (Docket # 23.) Petitioner affirmatively declined to do so. (Docket # 25 at 1.) Dismissal of the action without prejudice is required as a matter of law. Lundy, 455 U.S. at 510; Butler, 752 F.3d at 1180.

Therefore, the present action is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: August 5, 2021                    /s/ Valerie Baker Fairbank

HON. VALERIE BAKER FAIRBANK
SENIOR U.S. DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE